```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CIT BANK, N.A.,

                    Plaintiff,

           – against –

DANIELLE AYERS, a/k/a DANIELLE M.
AYERS, and M.D.R.,

                    Defendants.
----------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 24 2017 ★
LONG ISLAND OFFICE

ORDER
CV 15-7256 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

On March 27, 2017, this Court entered default judgment against defendant and referred the matter to Magistrate Judge Locke on the issue of damages. (ECF No. 57.) On July 18, 2017, Judge Locke issued a report and recommendation ("R&R") recommending that plaintiff be awarded $545,290.91, as well as an additional $2,531.51 in statutory fees and costs. (ECF No. 63 at 1.) The R&R also recommended that plaintiff's motion for attorneys' fees be denied but plaintiffs be granted leave to resubmit an affidavit providing the details necessary for a calculation of such fees. (*Id.* at 2) Judge Locke directed that any objection to the R&R be filed within fourteen days of receipt of the order. (*Id.* at 12.) The deadline has since passed, and no party has filed an objection.

Where there are no objections, the Court may adopt an R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a

1

district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir.1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs.*, Inc., 873 F.2d 38, 40 (2d Cir.1989). Nevertheless, a district court is not permitted to "just accept [plaintiff's] statement of the damages" without "credible evidence." *Hosking*, 570 F. App'x at 32.

Although no party has objected to the R&R, the Court has conducted a *de novo* review of the R&R's recommendations in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R with respect to damages and costs. Therefore, IT IS HEREBY ORDERED that plaintiff is awarded $545,290.91 in damages, as well as an additional $2,531.51 in statutory fees and costs. IT IS FURTHER ORDERED that plaintiff's application for attorneys' fees is denied at this time, but the Court grants plaintiff leave to renew the application upon submission of additional materials necessary for a fee calculation as set forth in the

2

R&R. Plaintiff shall file the renewed application within thirty days of receipt of this order. IT IS FURTHER ORDERED that plaintiff serve a copy of this Order on defendants and file proof of service with the Court.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2017
Central Islip, New York

3